UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80215-CIV-MARRA

JAMES BREIG, an individual,
CHARLES BREIG, an individual, and
BREIG, INC., a Florida corporation,

    Plaintiffs,

vs.

WELLS FARGO BANK, N.A., as
successor in interest of
WACHOVIA BANK, N.A.,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss Amended Complaint (DE 16). Plaintiffs responded (DE 19), and Defendant replied (DE 20). The Court has considered the briefing and is otherwise fully advised in the premises.

### I. Background

The Amended Complaint alleges that Plaintiff Breig, Inc. had an account with Wachovia Bank ("Wachovia"). Am. Compl. ¶ 9 (DE 11). Individual Plaintiffs James and Charles Breig were "principals" of Breig, Inc., and the only signors on Breig, Inc.'s Wachovia bank account. *Id.*, ¶¶ 2, 3, 9. Plaintiffs allege that over the period of several years numerous forged checks issued from Breig, Inc.'s Wachovia bank account were cashed by an employee. *Id.*, ¶¶ 13-14. For example, Wachovia honored 94 checks in one calendar year made payable to one employee in the amount of at least $4,000 each. *Id.*

Plaintiffs allege that Wachovia voluntarily established a practice of making telephonic

verification of every check in the amount exceeding $1,500, but failed to properly verify the forged checks. *Id.* In particular, Wachovia made phone calls to Breig, Inc. seeking confirmation whether the forged checks should have been honored. *Id.*, ¶¶ 13-14. However, Wachovia's representative always spoke to Marina Arteta, who was never a signor on the account, and never spoke to either James or Charles Breig. *Id.* Further, Plaintiffs allege that Wachovia failed to compare the forged signature to the signature cards, and failed to provide paper statements for the account. *Id.*, ¶¶ 51-53. Thus, Plaintiffs seek to recover the funds that have been improperly released by Wachovia, and bring the following claims: (I) breach of fiduciary duty; (II) conversion; and (III) negligence. This case was initiated in state court, and Defendant removed it on the basis of diversity of citizenship. (DE 1).

Wachovia argues that the sole owner of the account was Breig, Inc., and that individual Plaintiffs, therefore, lack standing to bring any claims. Wachovia also seeks dismissal of the breach of fiduciary duty claim for Plaintiffs' failure to properly plead that Wachovia owed them a fiduciary duty. Further, Wachovia asserts that the conversion claim is barred by Section 673.4201(1) of the Florida Statutes because Breig, Inc. was the issuer of the checks, and because Plaintiffs have not alleged that Wachovia converted specific money capable of identification. Lastly, Wachovia contends that Plaintiffs' negligence claim is partially barred by the statute of limitations.

## II. Legal standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In cases where jurisdiction is premised on diversity of citizenship, such as this one, federal courts apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

### III. Discussion

**1. Individual Plaintiffs' standing**

Wachovia argues that the account in question was owned by Breig, Inc., and that individual Plaintiffs James and Charles Breig lack standing to seek relief. Plaintiffs only argue in response that James and Charles Breig opened the account, that the money was stolen from them "for all intents

3

and purposes," and that there is an identity of interest between the individual and corporate Plaintiffs. First, these allegations are not in the Amended Complaint, and cannot be considered by the Court. Second, the only relevant allegations in the Amended Complaint are that individual Plaintiffs were "principals" of Breig, Inc., and the only authorized signors on the account.

It is axiomatic that a plaintiff is constitutionally required to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). One of the elements of standing is an "injury in fact," or an actual or imminent violation of a legally protected interest. *Id.* Being a signor on a corporate bank account does not confer property rights upon the signor. *See Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267, 1285 (S.D. Fla. 2007) (citing *Bank of Palmetto v. Hyman*, 290 F. 353 (5th Cir.1923)).

Thus, only Breig, Inc., the owner of the bank account in question in this litigation, can bring claims to recover any funds that were allegedly improperly taken from the account. Individual Plaintiffs James and Charles Breig do not have standing in this case.

**2. Breach of fiduciary duty**

Defendant argues that Plaintiffs' allegations are insufficient to establish a fiduciary relationship. "The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). Generally, in an arms-length relationship, there is no duty to protect the other party. *Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989) (citing *Cripe v. Atlantic First National Bank*, 422 So.2d 820 (Fla.1982)). However, a plaintiff may establish the existence of a fiduciary duty by alleging the other side's undertaking to advise and protect the plaintiff, and plaintiff's own dependency on defendant's advice or

4

protection. *See id.* (citing *Barnett Bank of West Florida v. Hooper*, 498 So.2d 923 (Fla.1986)). "Moreover, 'special circumstances' may impose a fiduciary duty on a bank, including where the [bank] (1) takes on extra services for a customer, (2) receives any greater economic benefit than from a typical transaction, or (3) exercises extensive control." *Fleeger v. Wachovia Bank*, 5:12-CV-294-OC-32PRL, 2012 WL 6534560 (M.D. Fla. 2012) report and recommendation adopted, 5:12-CV-294-OC-32PRL, 2012 WL 6534185 (M.D. Fla. 2012) (quoting *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 519 (Fla. 3d DCA 1994)).

Here, Plaintiffs allege that Wachovia took on performance of extra services by voluntarily choosing to telephonically verify each check over $1,500. Am. Compl., ¶ 13 (DE 11). Further, Plaintiffs relied upon Wachovia's verification process, but Wachovia failed to perform it adequately. *Id.* This resulted in losses to Plaintiffs. *Id.*, ¶ 21. Thus, Plaintiffs' allegations of a breach of fiduciary duty are sufficient to survive a motion to dismiss.

**3. Conversion**

Defendant argues that the conversion claim is barred under Florida law for two reasons: (1) because a provision of the Uniform Commercial Code, Fla. Stat. § 673.4201, does not allow the issuer of the check to bring a conversion claim, and (2) because the Amended Complaint does not state that the funds allegedly converted were capable of identification, as required by the common law of conversion. Plaintiffs respond that Fla. Stat. § 673.4201 allows an issuer a remedy for conversion against the issuer's bank, and that this statute preempts the requirements of common law.

The Uniform Commercial Code ("UCC") states that "[u]nless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress,

5

coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions." Fla. Stat. Ann. § 671.103; Fla. Stat. Ann. § 671.101. Thus, common law supplements the UCC unless it is in conflict with the UCC provisions. *See Burtman v. Technical Chemicals & Products, Inc.*, 724 So. 2d 672, 676 (Fla. 4th DCA 1999).

> With respect to the conversion of instruments,[1] the UCC states:
>
> (1) The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by:
>
> (a) The issuer or acceptor of the instrument; or
> (b) A payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee.
>
> (2) In an action under subsection (1), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.
>
> (3) A representative, other than a depositary bank, who has in good faith dealt with an instrument or its proceeds on behalf of one who was not the person entitled to enforce the instrument is not liable in conversion to that person beyond the amount of any proceeds that it has not paid out.

Fla. Stat. Ann. § 673.4201(1).

This statute has been in place since 1992. *See* Commercial Law - Negotiable Instruments - General Amendments, 1992 Fla. Sess. Law Serv. Ch. 92-82(C.S.S.B. 378) (West).

"In order to establish a claim for conversion of funds under Florida law, a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that

---

[1] A check is an "instrument" under the UCC. *See* Fla. Stat. Ann. § 673.1041; *Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.*, 982 So. 2d 628, 634 (Fla. 2008).

money; and (4) a demand for return of the money and a refusal to do so." *IberiaBank v. Coconut 41, LLC*, 2:11-CV-321-FTM-29, 2013 WL 6061883 (M.D. Fla. 2013) (quotation omitted). Recent cases applying Florida law establish that funds in a bank account can only be the subject of conversion if the money at issue can be specifically identified. *See, e.g., Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011) review denied, 76 So. 3d 939 (Fla. 2011) (plaintiff did not establish a conversion claim where there were no allegations that the parties intended that defendant would keep the money in a separate account or in an escrow or a trust account); *Gasparini v. Pordomingo,* 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008) ("For money to be the object of conversion "there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified"); *In re Mouttet*, 493 B.R. 640, 662 (Bankr. S.D. Fla. 2013) ("Money cannot be converted unless the money is a specifically identifiable fund such as an escrow account, a bag of gold coins, or the like"). Thus, Plaintiffs' contention that the UCC preempts the requirement that funds must be identifiable is contradicted by the case law.

Moreover, the account in question in this case was a "business" account. Am. Compl., ¶¶ 9, 13 (DE 11). There are no allegations that the funds allegedly converted were specific and identifiable, or that the funds were kept in an escrow or a trust account. Lastly, Plaintiffs did not allege a demand for return of the money and Wachovia's refusal to return. Therefore, Plaintiffs failed to properly plead the necessary elements of conversion.

**4. Negligence**

Lastly, Wachovia asserts that the negligence claim is partially barred by the statute of limitations. The Amended Complaint states that Breig, Inc.'s receptionist presented forged checks to Wachovia for cashing on a weekly and sometimes bi-weekly basis between 2005 and 2011. Am.

Compl., ¶¶ 42-43 (DE 11). Wachovia contends that because this case was initiated in 2013, Florida's four-year statute of limitations for negligence claims bars Plaintiffs' negligence claim to the extent it is based on conduct occurring prior to 2009, *see* Fla. Stat. § 95.11(3)(a). Plaintiffs respond that the Amended Complaint alleges continuing tortious acts, which could extend the recovery period, *see Seaboard Air Line R. Co. v. Holt*, 92 So. 2d 169, 170 (Fla. 1956). Further, Plaintiffs contend that this issue cannot be properly decided on a motion to dismiss, *see Pearson v. Ford Motor Co.*, 694 So. 2d 61, 67-68 (Fla. 1st DCA 1997) ("[w]hether the continuing torts doctrine applies to the facts of a case is for a trier of fact to decide"). The Court agrees that these arguments are premature.

### IV. Conclusion

Accordingly, Defendant's Motion to Dismiss (DE16) is **GRANTED IN PART and DENIED IN PART**. Specifically, all claims of individual Plaintiffs James Breig and Charles Breig are **DISMISSED**. Additionally, Breig, Inc.'s claim of conversion (Count II) is **DISMISSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of February, 2014.

_____
KENNETH A. MARRA
United States District Judge